(35 Misc. Rep. 424.)

PEOPLE ex rel. KUEFER v. SUPREME TENT OF THE MACCABEES OF
THE WORLD.

(Supreme Court, Special Term, Monroe County. July, 1901.)

MUTUAL BENEFIT INSURANCE—ELIGIBILITY TO MEMBERSHIP.

A director of a corporation engaged in manufacturing and selling malt
liquors is eligible to membership in a fraternal order under a by-law
providing that no person who is engaged as "principal, agent, or serv-
ant" in the manufacture or sale of malt liquors shall become a member,
as a director is in no sense such a principal, agent, or servant in the
transaction of the business of his corporation.

Application by the people, on the relation of Frederick C. Kuefer,
for a writ of mandamus to the Supreme Tent of the Maccabees of
the World. Writ granted.

James M. E. O'Grady, for relator.
Love & Quackenbush, for respondent.

NASH, J. The question here is whether the relator "is engaged,
either as principal, agent, or servant, in the manufacture or sale
of spirituous, malt, or vinous liquors as a beverage." The relator
is a stockholder and one of the directors of the Miller Brewing
Company, a corporation engaged in the manufacture and sale of
malt liquors. It is conceded that as a stockholder of the corpora-
tion the relator is not within the prohibition of section 142 of the
laws of the Knights of the Maccabees, which provides that no per-
son shall be eligible to membership in the order who is engaged,
either as principal, agent, or servant, in the manufacture or sale
of spirituous, malt, or vinous liquors as a beverage. "The indi-
vidual shareholders of a corporation aggregate have no implied au-
thority to represent the company for any purpose, or to interfere
with the management of its business in any respect. But it is im-
plied that the majority present at a regularly called shareholders'
meeting shall exercise a general supervisory power over the cor-
porate affairs, and shall have authority to appoint the board of
directors or other agents who have the entire management of the
company's business in their charge." Mor. Priv. Corp. § 503. The
directors of a corporation have no implied authority to act singly.
They can act only as a board. Either all must be present at a
meeting, or the meeting must be called in a regular manner, and
all the directors given notice; and, in the latter case, if a majority
assemble they may act by a majority vote. A majority of the di-
rectors form a quorum, in the absence of a different regulation,
and a majority of the quorum determine the action of the board.
Mor. Priv. Corp. § 531. A director has no greater authority or
power to act individually for a corporation than a stockholder. A
director taking part in meetings of the directors is no more a prin-
cipal, agent, or servant in the management of the business of the
corporation than is a stockholder who takes part in the meetings
of the stockholders. Neither can be regarded in any sense as a
principal, nor as agent or servant in the transaction of the busi-
ness of the corporation. If it was intended to exclude from mem-

bership the directors or officers of a corporation not directly engaged in the transaction of its business, the by-laws should have said so. If there were an ambiguity in the phrase defining eligibility to membership, it would be resolved against the respondent. But there is none. Within the well-settled rules applicable to the relations existing between the directors and the body corporate, the relator, individually, in his capacity as director of the Miller Brewing Company, cannot be regarded as either a principal or the agent or servant of the corporation. Findings awarding the writ in accordance with the prayer of the petition may be submitted.

Writ granted.